## FLOWERS *v.* STATE.

### Opinion delivered March 6, 1922.

1. HOMICIDE—ASSAULT TO KILL—INDICTMENT.—An indictment for assault with intent to kill need not allege that there was a battery.
2. HOMICIDE—ASSAULT TO KILL—VARIANCE.—There is no variance between an indictment charging assault with intent to kill without alleging a battery and proof showing that the assault was accompanied by battery.
3. HOMICIDE—ASSAULT WITH INTENT TO KILL—INDICTMENT.—An indictment for assault with intent to kill which alleges that defendant "did unlawfully, wilfully, knowingly, maliciously, deliberately, feloniously, and of his malice aforethought and with premeditation, commit an assault in and upon one B., with a deadly weapon, to-wit, a pistol, then and there held in the hands of him, the said F., with the felonious intent then and there him, the said B., to kill and murder," *held* sufficient.
4. HOMICIDE—ASSAULT WITH INTENT TO KILL—QUESTION FOR JURY.—In a prosecution for assault with intent to kill, *held*, under the evidence, that it was a question for the jury whether the defendant shot in self-defense, and whether it was done upon a sudden heat of passion, caused by a provocation apparently sufficient to make the passion irresistible.
5. HOMICIDE—SUFFICIENCY OF EVIDENCE OF ASSAULT TO KILL.—Accused cannot be convicted of assault with intent to kill if the evidence shows that he could have been convicted of manslaughter, but not murder, in the event death had resulted.

6. HOMICIDE—ASSAULT WITH INTENT TO KILL—INSTRUCTION.—An instruction that if the jury find "that the alleged assault upon B. was committed by the defendant F. while he was acting under the influence of passion and excitement suddenly aroused caused by a provocation apparently sufficient to make the passion irresistible, then you will acquit the defendant of the charge of assault with intent to kill," *held* to cover the subject of an assault committed under heat of passion caused by provocation sufficient to make the passion irresistible.

7. HOMICIDE—ASSAULT WITH INTENT TO KILL—JUSTIFICATION.— While the fact that an illicit relation existed between defendant's wife and the assaulted person did not constitute a justification for the assault, said fact was properly to be considered by the jury in mitigation of the offense, and in determining whether or not the assault was made upon a sudden heat of passion and upon sufficient provocation.

8. CRIMINAL LAW—INTRUCTION ASSUMING FACT.—In a prosecution for assault with intent to kill, an instruction requested by accused that if they found the prosecuting witness had been intimate with defendant's wife, and that defendant committed the assault under the sudden passion caused thereby he could not be convicted of assault with intent to kill, was misleading as assuming that the intimacy was sufficient provocation for sudden passion.

9. HOMICIDE—ASSAULT WITH INTENT TO KILL—INSTRUCTION.—In a prosecution for assault with intent to kill, an instruction which confused the issues of self-defense and of acting under sudden heat of passion was properly refused, especially where it failed to incorporate on the question of self-defense the necessity of acting with due caution and freedom from negligence.

Appeal from Craighead Circuit Court, Jonesboro District; *R. E. L. Johnson,* Judge; affirmed.

*Aaron McMullin* and *Gautney, Caraway & Dudley,* for appellant.

1. The demurrer should have been sustained. The indictment is not such as could be pleaded in bar of prosecution for assault and battery, in the event of defendant's acquittal of an assault with intent to kill.

2. Since, under the instructions given, the jury might have found that the defendant had no right to go to Back's store to remonstrate with him, or to warn

him against further association with appellant's wife, it was error to refuse appellant's requested instruction No. 3. 133 Ark. 373, 378.

3. The instruction No. 6, requested by appellant. should have been given, as it was a question for the jury to determine from the facts and circumstances in proof whether or not, at the time of the assault, appellant was laboring under a passion suddenly aroused, caused by a provocation apparently sufficient to make the passion irresistible. C. & M. Dig., § 2383; 81 Ga. 444; 7 S. E.. 641; 79 S. W. 24; 85 S. W. 5.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants, for appellee.

1. The indictment is sufficient. This was a charge of assault with intent to kill. It was not necessary to allege the manner in which the assault was made, nor the means made use of by the assailant. Neither was it necessary to allege a battery resulting from the assault. 13 R. C. L. 803, 804; *Rogers* v. *State,* 89 Ark. 391.

2. Appellant's requested instruction No. 3 was properly refused, for the reason, among others, that the instruction was not properly guarded with an explanation as to what constituted a remonstrance. 133 Ark. 373.

3. Instruction 4, 5 and 6 were properly refused. The fact that Brock may have had illicit relations with appellant's wife, did not, in law, justify the assault. C. & M. Dig.; *Fisher* v. *State,* 149 Ark. 48. And the question of assault under sudden heat of passion, etc., was covered by instruction 13 given by the court.

McCULLOCH, C. J. Appellant was tried and convicted under an indictment charging him with assault upon one C. R. Brock with intent to kill. In the indictment it is charged that appellant "did unlawfully, wilfully, knowingly, maliciously, deliberately, feloniously, and of his malice aforethought and with premeditation, commit an assault in and upon one C. R. Brock with a deadly weapon, to-wit, a pistol, then and there had and held in

the hands of him, the said Ben Flowers, with the felonious intent then and there, him, the said C. R. Brock, to kill and murder." There was a demurrer to the indictment, which the court overruled.

The indictment was sufficient. It is unnecessary to allege in the indictment that there was a battery resulting from the assault, and the fact that the State proved the battery in the trial of the cause did not constitute a variance from the allegations of the indictment. Appellant was convicted of the highest offense charged in the indictment—assault with intent to kill—and the evidence was sufficient to establish all the elements of that crime.

Appellant and Brock both lived in the town of Nettleton, in Craighead County. Brock was operating a grocery store, and appellant resided in the immediate vicinity of the store. He had a wife and three small children, and was at work at Truman, in the adjoining county of Poinsett. He usually left home Monday morning to go to his work and did not return until Saturday night. He walked into Brock's store on Sunday morning, September 11, 1921, and, being armed with a pistol, fired five shots at Brock, some of the shots taking effect in Brock's body, but the latter recovered from the wounds thus inflicted.

Appellant undertook to show that he acted in self-defense, and also attempted to prove that Brock had been in illicit relationship with his (appellant's) wife, and that upon receiving positive information of that fact he shot Brock while acting under the impulse of the heat of passion, suddenly aroused by provocation sufficient to reduce the degree of the crime.

According to the testimony adduced by the State, appellant walked into Brock's store on the day mentioned, and in the presence of witnesses opened fire on Brock with a pistol, without anything being said between them and without any hostile demonstration on the part of Brock. Brock denied that there were any improper relations between him and appellant's wife. Appellant's

testimony was that, after he had been told of circumstances which indicated improper relations between his wife and Brock, he went to the store for the purpose of protesting to Brock, and that when he walked in Brock started in a run towards the cash register, and that he began firing and fired five shots at Brock. He testified that friends and relatives had given him information for some time that Brock had been frequenting his house at night, that the most definite information was given to him on Sunday morning, a short time before the shooting occurred, and that he thereupon immediately procured a pistol and went over to Brock's store.

Under this state of the testimony, it was a question for the jury to determine whether or not the shooting was done in self-defense, and whether or not it was done "upon a sudden heat of passion, caused by a provocation apparently sufficient to make the passion irresistible." Crawford & Moses' Digest, § 2355.

If the shooting was done in the heat of passion within the meaning of the statute quoted above, so that, if death had ensued, the offense would have been manslaughter, then appellant was not guilty of assault with intent to kill.

Errors of the court are assigned in refusing to give several instructions requested by appellant's counsel. Most of the requested instructions were, however, covered by other instructions given by the court. For instance, the first instruction requested by appellant was to tell the jury that, in order to convict appellant of the crime charged in the indictment, there must have been a specific intent to kill. The court covered this fully in the third instruction, which was given on the court's own motion. Appellant requested three instructions, numbered 4, 5 and 6, respectively, which dealt with the same subject—the effect of the shooting being done under sudden heat of passion caused by appellant receiving information of improper relations between his wife and Brock. The court refused to give either of those instructions.

Instructions numbered 4 and 5, requested by appellant, are as follows:

"You are further instructed that, if you believe from the evidence that the prosecuting witness, Brock, had had improper relations with the wife of the defendant, and if you further find that the defendant was informed of this fact, and believed such to be true, and that the defendant went to the place of business of the said Brock on the morning of the alleged assault and accosted the said Brock about such matter, and the assault which the defendant made upon said Brock was committed by the defendant while acting under the influence of passion and excitement suddenly aroused, caused by provocation sufficient to make the passion irresistible, then you will acquit the defendant of the charge of assault with intent to kill.

"You are further instructed that, if you believe from the evidence that the prosecuting witness, Brock, had improper relations with the wife of the defendant, and if you further believe that the defendant was informed of this fact, and believed such to be true, and that the defendant went to the place of business of the said Brock in a peaceable way and not for the purpose of assaulting said Brock, on the morning of the alleged assault, and accosted the said Brock in a proper manner about such matters, and the assault which the defendant made upon said Brock was committed by the defendant only after said Brock tried to get his pistol and while the defendant was acting under the influence of passion and excitement suddenly aroused, caused by provocation sufficient to make the passion irresistible, then you will acquit the defendant of the charge of assault with intent to kill."

Appellant was, of course, entitled to an instruction covering the law on the subject of an assault committed while acting under sudden heat of passion caused by provocation sufficient to make the passion irresistible. Appellant did, in fact, request such an instruction, which

the court adopted and gave as instruction No. 13 as a part of the court's charge of its own motion. That instruction reads as follows:

"You are further instructed that, if you find from the evidence in this case, or if the evidence raises in your minds a reasonable doubt, that the alleged assault upon Brock was committed by the defendant Flowers while he was acting under the influence of passion and excitement suddenly aroused, caused by a provocation apparently sufficient to make the passion irresistible, then you will acquit the defendant of the charge of assault with intent to kill."

Instructions 4 and 5, requested by appellant, were misleading, and we think that the court properly refused to give them on that account. The fact of intimacy between appellant's wife and the assaulted person and appellant's receiving information thereof did not constitute a justification in law for the assault (*Fisher* v. *State*, 149 Ark. 48), but those facts were proper for the consideration of the jury in mitigation of the offense and also in determining whether or not the assault was made upon a sudden heat of passion and upon apparently sufficient provocation. Appellant was therefore entitled to an instruction on those subjects, and, if he had asked for it in proper form, the court should have given an instruction telling the jury that they should consider these facts and the circumstances under which appellant received the information, the length of time before the assault and the circumstances under which he made the assault, in determining whether the passion under which he acted at the time was suddenly aroused, and whether the provocation was apparently sufficient to make the passion irresistible. The jury could have understood from the instructions as requested that the fact that intimacy between appellant's wife and Brock and appellant's receiving information thereof constituted, under the circumstances under which the assault was made, the exist-

ence of a sudden heat of passion under sufficient provocation, and those were questions for the jury to determine.

There is evidence to the effect that appellant began receiving information concerning alleged intimacy between his wife and Brock more than a week before the date of the assault, and appellant continued his friendly relations with Brock down to the last moment before the assault was committed. He borrowed money from Brock the day before the assault was committed, and long after he had received information of his wife's alleged misconduct. The jury could have found from this testimony, if the matter had been properly submitted to them, that, while appellant had received information concerning his wife's misconduct, the passion was aroused thereby, if at all, long before the assault was committed, and that he had abundant time and opportunity for his anger to subside, and that it did in fact subside.

Instruction No. 5 was also misleading for the reason that it confused the question of self-defense by reason of acting upon apparent danger with the other question of the assault being made under sudden heat of passion. It also failed to incorporate on the question of self-defense the necessity of acting with due caution and freedom from negligence.

Upon the whole, we are convinced that there was no error committed by the court, and that the evidence was sufficient to justify the verdict.

Judgment affirmed.